# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CYNTHIA L. YETTER,**

      **Plaintiff,**

**v.**                                                          **Case No: 6:13-cv-972-Orl-31DAB**

**AMICA MUTUAL INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Remand (Doc. 9) filed by the Plaintiff, Cynthia Yetter ("Yetter"), the response in opposition (Doc. 16) filed by the Defendant, Amica Mutual Insurance Company ("Amica"), and the reply (Doc. 23) filed by Yetter.

### I.  Background

Yetter filed the instant case in state court on May 29, 2013, alleging that she had suffered injuries as a result of a traffic accident caused by an uninsured/underinsured motorist and that her own insurance carrier, Amica, had refused to pay the resulting claim. (Doc. 2). Amica removed the case to this Court on June 25, 2013 on diversity grounds. Yetter now seeks to have this case remanded to state court. She does not dispute the parties' diversity, but she does contend that Amica has failed to demonstrate that the amount in controversy exceeds $75,000.

### II.  Legal Standard

The general removal statute, 28 U.S.C. § 1441, provides in pertinent part that

> Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by the

> defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
>
> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b). Removal statutes are to be construed narrowly, with any uncertainties to be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

Title 28, United States Code, Section 1332(a) endows the district courts with original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between, *inter alia*, citizens of different states. When the plaintiff fails to plead a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount in controversy is not obvious from the face of the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. *Id.* The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard; defendants may introduce their own affidavits, declarations, or other documentation. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). A plaintiff's settlement demand (or response to a settlement offer) is some evidence of the amount in controversy. *See Gehl v. Direct Transport, Ltd.*, 2013 WL 424300 (M.D.Fla. Feb. 4, 2013) (citing cases).

### III. Analysis

In her Complaint (Doc. 2), Yetter did not name a specific damages figure, instead only alleging that the amount sought exceeded $15,000, exclusive of interest and fees – the jurisdictional minimum for Florida Circuit Court. In the Notice of Removal, Amica pointed to the following as evidence that, despite this, the amount in controversy in the instant case exceeded the federal jurisdictional threshold of $75,000: First, that Yetter had alleged in her complaint that she had suffered "significant and permanent loss of an important bodily function, permanent injury within a reasonable degree of medical probability other than scarring or disfigurement, aggravation or activation of an existing disease or physical defect, pain, suffering, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expenses of medical care and treatment in the past and in the future, and lost earnings and loss of ability to earn money in the future." (Doc. 2 at 3). Second, Amica noted that the uninsured motorist policy at issue in this case provides benefits up to $100,000, and that several times prior to filing Yetter's counsel had demanded payment of the entire policy limits to settle the case. (Doc. 1 at 4).

In her motion to remand, without disputing any of Amica's contentions in the Notice of Removal, Yetter points out that she has only incurred $12,905 in medical bills. She also notes that Amica has only offered her $2,000 to settle the case and argues that this shows that the amount in controversy, at least in Amica's eyes, is a great deal less than $75,000.

In its own response to the instant motion, Amica notes that before filing suit, Yetter's counsel informed the State of Florida, in a statutorily mandated "Civil Remedy Notice of Insured Violations," that there was "substantial evidence" that her damages exceeded the policy limits of $100,000. (Doc. 14 at 2). In addition, Yetter's counsel told the state that one of her medical

providers had recommended she undergo spinal surgery – specifically, an "anterior cervical discectomy fusion of cervical 3 through cervical 6." (Doc. 14 at 2-3). Subsequently, but still before filing suit, Yetter's counsel made another demand to Amica for the policy limits, based in part on her medical provider's recommendation of the cervical discectomy fusion. (Doc. 14 at 3). After the filing, Amica sought to have Yetter stipulate that damages in excess of $75,000 would not be sought, awarded or collected, but Yetter's counsel declined to do so. (Doc. 14 at 4).

Upon consideration of the foregoing, the Court finds that this is not a close call. The Defendant has demonstrated that the jurisdictional threshold of $75,000 is met in this case. The Plaintiffs' extensive list of alleged damages, her repeated demands for $100,000 in policy limits to settle the matter, and her uncontested assertion that she faces the prospect of spinal surgery far outweigh the fact that she has only suffered $12,905 in medical bills so far or that the Defendant made a lowball settlement offer. Accordingly, the Motion to Remand (Doc. 9) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties